UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEANARD E. HOWARD, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-2024-SNLJ |
| MATT STURM, TERRY WEBB, UNKNOWN BALLINGER, UNKNOWN HADLEY, CYBELLE WEBBER, TIM BURRIS, and CINDY GRIFFITH, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the complaint filed by plaintiff Geanard E. Howard, a Missouri state inmate who is currently incarcerated at Farmington Correctional Center in Farmington, Missouri.[1] After reviewing the complaint, the Court will dismiss the complaint as to defendants Unknown Ballinger and Unknown Hadley and will order the Clerk to issue process or cause process to issue on the remainder of the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to dismiss a complaint filed by a prisoner if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when

---

[1] Mr. Howard is a frequent filer of frivolous lawsuits, and has accumulated more than three strikes under 28 U.S.C. § 1915(g). *See Howard v. Arnold*, No. 4:18-CV-1374-CDP (E.D. Mo. Aug. 27, 2018) (listing cases). Because Mr. Howard has paid his $400 filing fee, however, the three-strike provision of § 1915(g) is inapplicable.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915A, the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action to vindicate alleged unconstitutional censorship involving materials with sexual content. Plaintiff names as defendants the following prison officials: Matt Sturm (Deputy Director, Missouri Department of Corrections); Terry Webb (Censorship Committee, Farmington Correctional Center ("FCC")); Unknown Ballinger (Censorship Committee, South Central Correctional Center ("SCCC")); Unknown Hadley (Censorship Committee, SCCC); Cybelle Webber (Censorship Committee, Tipton Correctional Center ("TCC")); Tim Burris (Censorship Committee, TCC); and Cindy Griffith (Censorship Committee, Boonville Correctional Center ("BCC")). All defendants are named in their individual and official capacities.

Plaintiff states that on several occasions during his incarceration in Missouri's various correctional institutions, materials mailed to him have been censored for sexually explicit content. Plaintiff complains of several incidents of censorship while housed at SECC and SCCC in 2012 and 2013. From 2014 through September 25, 2018, plaintiff's magazines and reading materials have been censored for sexually explicit content by officials at TCC, FCC, and BCC.

Plaintiff alleges the censorship of these materials is often arbitrary, and varies from facility to facility. He cites to Standard Operation Procedure ("SOP") 13-1.2 as the censorship policy at issue, and claims it is overbroad, vague, and inconsistently applied.

For relief, plaintiff seeks an injunction to stop the enforcement of SOP 13-1.2. He also seeks compensatory damages of $10,000 and punitive damages of $5,000 from each defendant.

**Discussion**

To the extent plaintiff complains of censorship at SECC and SCCC occurring before December 4, 2013, these allegations are barred by the five-year statute of limitations for bringing actions under 42 U.S.C. § 1983. *See Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005). Therefore, the Court will dismiss as time-barred plaintiff's complaint against defendants Unknown Ballinger and Unknown Hadley, both of whom plaintiff states were on the censorship committee of SCCC.

At to the remainder of plaintiff's claims of censorship of sexually explicit materials, these claims implicate the First Amendment. An inmate has the right under the First Amendment to receive communications and correspondence via mail, however, that right is not absolute or without exceptions. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution . . . including those of the First Amendment." *See Sisney v. Kaemingk*, 886 F.3d 692, 697 (8th Cir. 2018) (quoting *Turner v. Safley*, 482 U.S. 78, 84 (1987) and *Beard v. Banks*, 548 U.S. 521, 528 (2006)) (remanding to district court to evaluate South Dakota's prison-pornography policy).

Prison regulations which impinge upon an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989). There are four factors in determining reasonableness of a prison regulation: (1) whether there is "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison

resources generally"; and (4) whether there exist alternatives to accommodate the prisoner with a *de minimis* cost. *Murchison v. Rogers*, 779 F.3d 882, 887 (8th Cir. 2015) (quoting *Turner*, 482 U.S. at 89).

Liberally construed, the Court finds that plaintiff has stated a plausible claim that defendants Sturm, Webb, Webber, Burris, and Griffith have violated or are currently violating his First Amendment rights by either (1) inconsistently enforcing a constitutional prison-pornography policy, or (2) enforcing an unconstitutional prison-pornography policy. The Court will order the Clerk to issue process or cause process to issue upon the complaint as to these defendants.

Additionally, plaintiff has filed a motion for appointment of counsel and specifically asks the Court to appoint Grant R. Doty as counsel in this case. The Court, however, has no indication that Mr. Doty has notice or would be willing to accept this appointment. There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although plaintiff has presented non-frivolous claims, the Court finds the facts and legal issues involved in his case are not so complicated that the appointment of counsel is warranted at this time. The Court will deny without prejudice plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, the Clerk shall issue process or cause process to issue upon the complaint as to defendants Matt Sturm, Terry Webb, Cybelle Webber, Tim Burris, and Cindy Griffith in both their individual and official capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Unknown Ballinger and Unknown Hadley are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** without prejudice. [ECF No. 2]

An order of partial dismissal will accompany this memorandum and order.

Dated this  14th  day of June, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE